UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE CHARTER OAK FIRE
INSURANCE COMPANY, et al.,

                Plaintiffs,

v.

CONWAY CONSTRUCTION
COMPANY, et al.,

                Defendants.

CASE NO. C14-5646 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

This matter comes before the Court on Defendant Conway Construction Company's ("Conway") motion to dismiss, change venue, or stay (Dkt. 7).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 18, 2014, Plaintiffs Travelers Property Casualty Company of America and the Charter Oak Fire Insurance Company (collectively "Travelers") filed a complaint for declaratory judgment against Defendants Conway, Multnomah County

1 | ("Multnomah"), and Starr Surplus Lines Insurance Company ("Starr").  Dkt. 1

2 | ("Comp.").

3 |       On August 29, 2014, Conway filed a motion to dismiss, to change venue, or to

4 | stay.  Dkt. 7.  On October 20, 2014, Travelers responded.  Dkt. 20.  On October 24, 2014,

5 | Conway replied.  Dkt. 23.

6 |       On October 17, 2014, Travelers voluntarily dismissed Defendant Multnomah

7 | County.  Dkt. 19.

## II. FACTUAL BACKGROUND

**A.      Insurance Contracts**

10 |       Charter Oak issued commercial general liability policies DT-CO-7A247676-COF-

11 | 11 (11/05/11 to 11/05/12) and DT-CO-7A247676-COF-12 (11/05/12 to 11/05/13) to

12 | Conway.  Dkt. 21, Declaration of Tom J. Frazier ("Frazier Decl."), Exh. E.  The policy

13 | limit for these primary policies is $1,000,000 per occurrence.  *Id*.  In addition, Travelers

14 | Property Casualty Company of America provided excess coverage with a single limit of

15 | $4 million pursuant to the terms and conditions of policy number DTSM-CUP-

16 | 7A247676-TIL-11.  *Id*.  The excess policy issued by Travelers Property Casualty

17 | Company of America likewise has policy periods of November 5, 2011 to November 5,

18 | 2012 and November 5, 2012 to November 5, 2013.  *Id*.

19 |       Prior to the inception of the Travelers policies, Conway was insured pursuant to a

20 | commercial general liability policy issued by Starr under Policy No. SLPG-GL00334.

21 | *Id*., Exh. D.  The Starr policy was in place for a policy period of November 5, 2010 to

22 | November 5, 2011.  *Id*.

**B.      Underlying Lawsuits**

On or about March 28, 2011, Multnomah entered into an agreement with Conway regarding a rehabilitation project of the Morrison Bridge in Portland, Oregon.  Comp., ¶ 9.  On August 14, 2012, Conway filed a complaint against ZellComp, Inc. and Strongwell Corporation in a lawsuit entitled *Conway Construction Company v. Zellcomp, Inc., et. al.*, Circuit Court of the State of Oregon, Multnomah County Cause No. 1208-10105 (hereinafter, the "Underlying Action").   *Id*. ¶ 22.  Strongwell Corporation manufactured and ZellComp, Inc. provided allegedly defective material used in the rehabilitation project. *Id*. 13–14.

On or about September 12, 2013, Multnomah intervened in the Underlying Action and filed a Complaint in Intervention against Conway.  *Id.* ¶ 30.  Multnomah alleges that Conway improperly installed the FRP deck panels at the project and seeks total damages in excess of $2,000,000.  *Id.* ¶¶ 31, 33.

On or about February 4, 2013, Conway tendered to Travelers the claims asserted by Multnomah regarding the damage to the FRP deck system and roadway.  *Id*. ¶ 38. Travelers agreed to assign defense counsel to defend Conway in regard to the Complaint in Intervention subject to an express reservation of rights.  *Id*. ¶ 42.  In the declaratory judgment action before this Court, Travelers seeks a declaration regarding the occurrence limit of the policies in question and whether Conway knew of the occurrence of property damage prior to the coverage period of the Travelers policies.  *Id*. ¶¶ 184–197.

Travelers is also defending Conway pursuant to a reservation of rights in a concurrent case filed in Washington.  That case involves what is commonly referred to as

1   the "Taylor Bridge Fire," which occurred in Kittitas County, Washington, in August of

2   2012.  Frazier Dec., ¶ 7.  Travelers asserts that the "The Taylor Bridge claims far exceed

3   the limits of available liability insurance under the Travelers policies."  *Id*.

### III. DISCUSSION

5       Conway initially moves the Court to abstain from exercising its jurisdiction under

6   the *Brillhart* abstention doctrine.  Dkt. 7 at 3–8.  Travelers responds that jurisdiction and

7   venue are properly with this Court.  Dkt. 20 at 8–10.  The Court agrees and, therefore, has

8   jurisdiction to consider whether to decline to exercise that jurisdiction or whether to

9   transfer the action to a more appropriate venue.

10       With regard to abstention, a district court's discretion to grant relief under the

11   Declaratory Judgments Act ordinarily should not be exercised "where another suit is

12   pending in a state court presenting the same issues, not governed by federal law, between

13   the same parties."  *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).[1]  A court

14   should consider three factors when considering *Brillhart* abstention, which are as follows:

15   "avoiding needless determination of state law issues; discouraging forum shopping; and

16   avoiding duplicative litigation."  *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d

17   966, 975 (9th Cir. 2011).

---

19       [1] Travelers argues that the Court should decline to consider abstention because the Court

20   is obligated to assert jurisdiction absent compelling reasons to the contrary.  Dkt. 20 at 13–14.
      While there is an absence of case law for the "compelling reasons" proposition, the similar

21   contention of retaining jurisdiction absent "exceptional circumstances" has been explicitly and
      repeatedly rejected.  *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (2002)

22   ("'Exceptional circumstances,' however, is not the standard for discretionary jurisdiction under
      28 U.S.C. § 2201." (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995)).

1    In this case, Conway presents convincing arguments on all three of these factors.

2  First, this case involves only issues of state contract law.  Although the real issue is a

3  disputed question of fact regarding Conway's knowledge of defective material, it is

4  purely a state law issue of enforcement of the contract after the relevant question of fact

5  has been determined.  Therefore, this factor weighs in favor of abstention.

6    Second, the similarity of this case and the Underlying Action weigh in favor of a

7  finding that Travelers is forum shopping.  "If there are parallel state proceedings

8  involving the same issues and parties pending at the time the federal declaratory action is

9  filed, there is a presumption that the entire suit should be heard in state court."

10  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing

11  *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)).  Moreover,

12  the Court should consider whether there exists a "non-removable state court action

13  presenting the same issues of state law" and whether the insurer filed this action to

14  "obtain a tactical advantage."  *R.R. Street*, 656 F.3d at 976.  Neither of these

15  considerations is clearly present in this case because it is unclear whether the state court

16  action is nonremovable and there is no clear tactical advantage for filing in this Court.

17  There is, however, a parallel state proceeding involving the same operative question of

18  fact.  Therefore, the Court finds that this consideration is at most a neutral factor.

19    Third, abstaining would avoid duplicative litigation.  Although Travelers contends

20  that this action is necessary to determine whether the policy proceeds will be split

21  between the Morrison Bridge project and the Taylor Bridge Fire, Conway shows that the

22  separate incidents are subject to separate "per project" limits.  Dkt. 23 at 4.  Absent this

1    limit dispute, this proceeding involves the identical question of fact of Conway's

2    knowledge that is present in the Underlying Action.  Therefore, this factor weighs heavily

3    in favor of abstention.

4         With two factors weighing in favor of abstention and one factor neutral, the Court

5    concludes that *Brillhart* abstention is appropriate.  Therefore, the Court grants Conway's

6    motion and declines to exercise jurisdiction over this matter.[2]

7                              **IV. ORDER**

8         Therefore, it is hereby **ORDERED** that Conway's motion to dismiss, change

9    venue, or stay (Dkt. 7) is **GRANTED** and this action is **DISMISSED**.  The Clerk shall

10   close this case.

11        Dated this 24th day of November, 2014.

12

13                                         _____
                                           BENJAMIN H. SETTLE
14                                         United States District Judge

15

16

17

18

19

20   _____

21        [2] In the alternative, venue is clearly appropriate in Oregon and transfer under § 1404
     would have been granted.  Conway, however, has presented the issue of abstention, which is the
22   most appropriate and expedient manner of handling this action.