UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE CHARTER OAK FIRE
INSURANCE COMPANY, et al.,

        Plaintiffs,

    v.

CONWAY CONSTRUCTION
COMPANY, et al.,

        Defendants.

CASE NO. C14-5646 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
ATTORNEY FEES AND COSTS

    This matter comes before the Court on Defendant Multnomah County's ("County") motion for attorney fees and costs (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On August 18, 2014, Plaintiffs Travelers Property Casualty Company of America and the Charter Oak Fire Insurance Company (collectively "Travelers") filed a complaint

ORDER - 1

for declaratory judgment against Defendants Conway Construction Company, the County, and Starr Surplus Lines Insurance Company. Dkt. 1.

On September 30, 2014, the county filed a motion to dismiss, or in the alternative, transfer venue. Dkt. 13. On October 17, 2014, Travelers voluntarily dismissed the County. Dkt. 19. On On October 31, 2014, the County filed the instant motion for an award of fees and costs. Dkt. 25. On November 21, 2014, Travelers responded. Dkt. 27. On November 25, 2014, the County replied. Dkt. 30.

## II. DISCUSSION

In this case, the County "requests that the Court award it its attorneys fees and costs pursuant to RCW 4.28.185(5)." Dkt. 30 at 1. Travelers counters that (1) because of the voluntary dismissal, the Court should treat the matter as though no action was ever filed and (2) the County's reliance on the long-arm statute is "without merit." Dkt. 27 at 6–10. First, the Court agrees with Travelers that no fees should be awarded under Fed. R. Civ. P. 41. The federal statute, however, does not bar consideration of an award under Washington's long-arm statute. Each statute authorizes the Court to consider fees under certain circumstances and Travelers has failed to show that the federal statute precludes fees awarded pursuant to the state statute. In fact, under state law, a voluntary dismissal does not bar an award under the long-arm statute. *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868 (1973). Therefore, Travelers' argument is without merit.

With regard to an award of fees pursuant to the long-arm statute, the statute provides as follows:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5).  The Court is guided by two concerns, which are as follows:

> First, a prevailing defendant should not recover more than an amount necessary to compensate him for the added litigative burdens resulting from the plaintiff's use of the long-arm statute. Second, where the defendant prevails by obtaining a ruling that jurisdiction under the long-arm statute does not properly lie, his award should not exceed the amount in attorney fees he would have incurred had he presented his jurisdictional defense as soon as the grounds for the defense became available to him.

*Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, (1990).  In light of these concerns, the Court finds that the County has failed to show that the requested fees are an "added litigative burden" resulting from filing in this forum.  The County's billing records indicate that the jurisdictional defense became available at least as early as September 9, 2014.  Dkt. 26-1 at 1.  Despite numerous communications with Travelers' counsel, the record does not reflect any attempt to resolve the jurisdictional issue without filing a motion and the accompanying fee petition.  While the Court cannot condone hailing out of state defendants into Washington courts and then voluntarily dismissing them, the Court also will not condone excessive fees without any attempt to minimize or avoid accruing such fees.  Therefore, in its broad discretion, the Court declines to award fees under the long-arm statute and denies the County's motion.  With regard to costs, they are usually addressed in a separate petition to the Clerk.

## III. ORDER

Therefore, it is hereby **ORDERED** that the County's motion for attorney fees and costs (Dkt. 25) is **DENIED**.

Dated this 30th day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge